UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>   v.<br><br>MARIAH ANAHI CERVANTES,<br><br>                             Defendant. | Case No. 23-cr-01495-BAS-4<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO MODIFY SENTENCE UNDER RULE 36 (ECF No. 489); AND**<br><br>**(2) TERMINATING AS MOOT REQUEST FOR STATUS UPDATE (ECF No. 519)** |

     Presently before the Court is Defendant Mariah Anahi Cervantes's Motion to Modify Sentence under Rule 36. (ECF No. 489.) Cervantes also filed a request for a status update on her Motion. (ECF No. 519.)

     The Government charged Cervantes with several drug-related crimes, including conspiracy to distribute methamphetamine and fentanyl, as well as possession with the intent to distribute those two substances. (ECF No. 1.) After Cervantes pled guilty to four

counts (ECF No. 168), the Court sentenced her to sixty months in custody (ECF No. 332). According to the Bureau of Prisons ("BOP"), Cervantes's projected release date is November 21, 2027.

Cervantes now moves for relief under Federal Rule of Criminal Procedure 36. (ECF No. 489.) This Criminal Rule allows the Court to "correct a clerical error in a judgment" or "correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *see also United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (explaining that Rule 36 is a tool that is limited to correcting clerical mistakes).

Here, Cervantes states that she is in BOP custody in Phoenix, Arizona. (ECF No. 489.) The BOP's records likewise show she is located at FCI Phoenix. Cervantes wants to challenge the BOP's determination that she is "ineligible to receive First Step Act Credits" and "time credits for participation" in the BOP's Residential Drug Abuse Program, which is commonly referred to as RDAP. (*Id.*) To assist her, Cervantes asks the Court to change the wording in the Court's Judgment, which lists Cervantes's drug offenses. (*Id.*; *see also* ECF No. 332.)

Upon review, Cervantes is not claiming that the Court imposed an illegal sentence. Instead, she is seeking relief regarding how the BOP is carrying out this Court's sentence. The problem with this request is that Cervantes needs to bring it to the district court that has custody over her. She must do so because a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct legal device to raise issues regarding post-conviction credits. *See, e.g.*, *Nettles v. Grounds*, 830 F.3d 922, 927–31 (9th Cir. 2016) (en banc); *Morales-Ramirez v. Arviza*, No. 24-3681, 2025 WL 618362, at *1 (9th Cir. Feb. 26, 2025) (reviewing claim regarding First Step Act credits brought under the habeas statute). Further, such a petition must be filed "in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Therefore, because Cervantes is in custody in Phoenix, Arizona, any petition challenging the manner in which her sentence is being carried out must be filed in the U.S. District Court for the District of Arizona. *See id.* The Court thus denies her Motion without prejudice and for lack of jurisdiction.

Finally, to the extent that Cervantes is claiming there is an actual error in this Court's Judgment, the Court denies that request as well. Cervantes does not identify a "clerical error" or error "arising from oversight or omission" in the Judgment. *See* Fed. R. Crim. P. 36; *see also Penna*, 319 F.3d at 513 (providing Rule 36 is limited to correcting only clerical mistakes).

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Cervantes's Motion to Modify Sentence under Rule 36 for lack of jurisdiction. (ECF No. 489.) If Cervantes wants to challenge the BOP's determination, then she must file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Arizona. The Court also **TERMINATES AS MOOT** her request for a status update (ECF No. 519) because the Court has now resolved the Motion.

**IT IS SO ORDERED.**

**DATED: November 5, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**